IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| HIEN DUONG-TRAN, | 08-CV-120-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST, an Oregon non-profit corporation, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

This case arises from Hien Duong-Tran's ("Plaintiff") allegations of employment discrimination and related claims against Kaiser Foundation Health Plan of the Northwest ("Defendant"). The issue presently before the court is whether plaintiff may amend his complaint to eliminate his Title VII employment claims or, alternatively, be granted a voluntary dismissal of those claims, without prejudice, and secure remand of his case to Oregon state court. Defendant contends that Plaintiff's motion should be denied or, alternatively, that the court should award

Defendant its attorney fees as a condition of granting Plaintiff's motion. The court recommends that Plaintiff's motion to amend his complaint be granted and that his case be remanded to state court, and that Defendant's request for attorney fees as a condition of that order be denied.

*Background*

The relevant background is based on the allegations contained in the complaint and answer, and the representations contained in the parties' respective briefs. On April 6, 2007, Plaintiff filed an action in Multnomah County Circuit Court against Defendant, his former employer, alleging that he was wrongfully discharged. He subsequently amended his complaint to add a claim for intentional infliction of emotional distress.

In November 2007, Plaintiff filed an administrative complaint with Oregon's Bureau of Labor and Industries and the federal Equal Employment Opportunity Commission asserting state and federal claims for retaliation and discrimination. Plaintiff advised Defendant of his intent to dismiss the administrative complaints, obtain a right-to-sue letter and amend his court complaint to include these claims. Defendant indicated that it was willing to litigate the action in state court even if the complaint was amended to add the federal claims. Thereafter, the parties made a joint request for complex case designation in state court which was granted on December 7, 2008, and Multnomah County Circuit Court Judge Youlee You received the case assignment.

After providing a draft of the proposed amended complaint incorporating the state and federal retaliation and discrimination claims to Defendant, Plaintiff filed his second amended complaint in state court on January 16, 2008. Defendant removed the action to this court on January 28, 2008, based on federal subject matter jurisdiction. Defendant also filed an amended answer asserting a counterclaim for breach of fiduciary duty/ethical obligation.

Plaintiff wants to have this action litigated in state court. To that end, he has filed a motion to amend his complaint to eliminate his federal claims under Fed. R. Civ. P. 15(a) ("Rule 15(a)") or, in the alternative, to dismiss those same claims without prejudice under Fed. R. Civ. P. 41(a)(2) ("Rule 41(a)(2)"). He also asks this court to then remand this action to state court for lack of subject matter jurisdiction. Defendant argues that Plaintiff may not voluntarily dismiss his federal claims under Rule 41(a)(2) because it has filed a counterclaim which it wants this court to adjudicate, and it contends that Rule 15(a) should be interpreted to contain the same limitation on Plaintiff's right to amend his complaint. Finally, if this court decides to dismiss the federal claims and remand this action to state court, Defendant asks for an award of attorney fees and costs incurred in the removal and remand of this action.

*Legal Standards*

1. Motion to Amend under Rule 15(a)

Once a defendant has filed a responsive pleading – as is the case here – a plaintiff may amend his "pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Although the rule should be interpreted with "extreme liberality," *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), leave to amend should not be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). A trial court may deny the motion if permitting amendment would prejudice the opposing party, produce an undue delay in litigation, result in futility for lack of merit, is sought by plaintiffs in bad faith or with a dilatory motive, or the plaintiffs have filed numerous amended complaints. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Prejudice to the opposing party carries the "greatest weight" in

determining whether to deny leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Whether to grant leave to amend lies within the sound discretion of the trial court. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In exercising this discretion, however, the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id*.

2. Motion to Dismiss under Rule 41(a)(2)

Pursuant to Rule 41(a)(2), once an answer or motion for summary judgment is filed by the adverse party

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the court's sound discretion. *Stevedoring Services of America v. Armilla Int'l. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "In ruling on a motion for voluntary dismissal, the [d]istrict [c]ourt must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal. Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Id*. (citations omitted).

3. Motion for Remand under 28 U.S.C. §1447(c)

Section 1447(c) provides, in part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

When the federal claim that served as the basis for removal is eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts have discretion to remand the remaining state claims. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). In addressing such a motion to remand, district courts should consider judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). In the usual case, "it is generally preferable for a district court to remand remaining pendant claims to state court." *Harrell*, 934 F.2d at 205.

*Discussion*

1. The Amendment-Dismissal Question

The question of which rule is applicable in this instance has been squarely addressed by the Ninth Circuit. In *Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 687 (9th Cir. 2005), the court held that Rule 41(a) "governs dismissal of entire actions, not of individual claims" and that "withdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings." *See also Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995)("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims.").

Defendant argues that the Ninth Circuit has allowed for dismissal of individual claims under Rule 41(a) and cites *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152 (9th Cir. 2002) in support of this contention, but its reliance on *Amadeo* is misplaced. First, the Ninth Circuit decided *Hells Canyon* three years after *Amadeo* and directly addressed the question of the interplay between Rule 15(a) and Rule 41(a). The court's construction of those rules and their respective applicability is directly contrary to the position Defendant advances here.

Second, the *Amadeo* court never addressed the interplay between Rule 15(a) and Rule 41(a), as it focused instead on the preclusion doctrine's applicability to plaintiff's ability to maintain her appeal of the unfavorable summary judgment ruling. Offering *Amadeo* as instructive on the interplay between the two rules overextends the case's reach.

Third, *Amadeo* is factually distinguishable from the facts of this case. The voluntary dismissal of the breach of contract claim in *Amadeo* came after the court granted summary judgment against plaintiff on her bad faith claim and, thus, effectively terminated the entire action so that the plaintiff could file an appeal. Here, the underlying action would survive the elimination by dismissal of Plaintiff's federal claims. In other words, the granting of Plaintiff's motion to amend his complaint would not result in a dismissal of the entire action as was the case in *Amadeo*.

Applying Rule 15(a) to this case, Plaintiff's request to amend his complaint is warranted. None of the factors to be considered in determining whether to grant a motion to amend – bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and the number and content of any previous amendments – are present here. In fact, four of the five factors are absent from the record before the court. Although Defendant questions Plaintiff's reasons for adding his federal claims, there is no indication that Plaintiff acted in bad faith or with a dilatory motive. Defendant does not argue that allowing Plaintiff to amend his complaint to drop his federal claims would produce an undue delay in litigation and, clearly, it would not do so as this action has been pending in this court for less than two months and Plaintiff promptly filed his remand motion following Defendant's removal. The proposed amendment would not be futile, because eliminating a claim from an action generally advances the litigation by simplifying the case and permitting the parties and the court focus on fewer issues. And, Plaintiff has amended his complaint only twice, once to

add the intentional infliction of emotional distress claim and once to add the state and federal retaliation and discrimination claims after a change in legal counsel, and Plaintiff conferred in advance with Defendant about adding those claims and obtained Defendant's consent to do so.

The only factor Defendant uses to oppose Plaintiff's motion to amend is prejudice, but Defendant has not shown that actual prejudice would result from the proposed amendment. First, if Plaintiff is allowed to amend his complaint to eliminate his federal discrimination and retaliation claims, Defendant will avoid having to contend with two causes of action currently at issue in the case. An amendment that eliminates some of Plaintiff's claims against the Defendant benefits, not prejudices, the Defendant.

Second, the proposed amendment will not adversely affect Defendant's counterclaim because the counterclaim will survive as part of the remanded action. Here, Defendant urges the court to import into Rule 15(a) the language in Rule 41(a)(2) which provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Defendant asserts that this construction is necessary because if this court grants Plaintiff's motion to amend, it will be deprived of the right to litigate its counterclaim. This argument incorrectly reads the two rules and overlooks the result that would follow from granting the motion to amend and remanding the case to state court.

First, Defendant's only authority for its suggestion that the restriction in Rule 41(a)(2) should be read into Rule 15(a) is dicta in the *Hells Canyon* decision that the distinction between the two rules is "technical," not "substantive." Viewed in its proper context, however, the language Defendant quotes does not support that argument. In *Hells Canyon*, the plaintiff asserted claims

under the National Environmental Policy Act and the Wilderness Act. At oral argument on the parties cross-motions for summary judgment, plaintiff voluntarily abandoned its Wilderness Act claim. The district court granted summary judgment in favor of defendant on the remaining claim and dismissed the cross-motions for summary judgment on the Wilderness Act claim as moot. The plaintiff attempted to resurrect the Wilderness Act claim in a subsequent action and defendant argued that the claim was barred by res judicata. 403 F.3d at 685.

The Ninth Circuit held that the district court's treatment of the Wilderness Act claim was appropriately characterized as an amendment to the complaint under Rule 15, not a dismissal of an action under Rule 41(a). The Ninth Circuit then stated that the district court judge's failure to specifically state in his judgment dismissing the action "that he was permitting an amendment of the pleadings under Rule 15 is 'a technical, not a substantive, distinction.'" 403 F.3d at 690. The court observed that the "true state of affairs," that the Wilderness Act claim was no longer before the trial court, was "more critical than mere labels" when analyzing the ultimate effect of dismissal of that claim on the question of whether that claim had been subject to the trial court's entry of final judgment. *Id*. at 689-90

Even if this court did apply the limitation found in Rule 41(a)(2) to Rule 15, as Defendant suggests, the Plaintiff seeks to dismiss only his federal claims. His state claims and Defendant's state-law counterclaim will remain before this court and, if the court remands this action, will be litigated in state court. Defendant is not entitled to have its state common-law claim for breach of fiduciary duty/ethical obligation litigated in a federal court and Defendant will not be prejudiced in any manner if Plaintiff is allowed to amend his complaint or if the case is remanded to state court. Plaintiff's motion to amend his complaint to eliminate his federal claims should be granted.

2. Attorney Fees

Defendant seeks attorney fees and costs incurred in removing this action. Defendant asserts that it is entitled to these fees and costs under Rule 41(a)(2). This court has recommended granting Plaintiff's motion to amend under Rule 15, not his motion to dismiss under Rule 41(a)(2). Accordingly, Defendant is not entitled to attorney fees and costs under Rule 41(a)(2) and should not be awarded any fees.

Even if this court had utilized Rule 41(a)(2), it is not inclined to recommend an award of fees or costs based on the record before it. Plaintiff explains in his reply memorandum the course of events surrounding his initial amendment to add federal claims to his complaint while still in state court and the subsequent decision to delete those claims following Defendant's removal. Defendant was aware that Plaintiff intended to amend his complaint to add the two federal claims, and Defendant represented that it was agreeable to having the federal claims litigated in state court and to obtaining a complex case designation in accordance with the state court's Uniform Trial Court Rules. Plaintiff further explained that had Defendant informed Plaintiff it intended to remove the action to federal court, Plaintiff would have dismissed his federal claims to avoid removal.

The discussion in *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487 (9th Cir. 1995) is instructive on this point. In *Baddie*, the plaintiffs filed their action, which included a claim subject to federal law, in state court, and consented to defendants' removal to federal court. *Id*. at 489. Approximately one month later, the plaintiffs, after some further procedural tactics and "apparently quite desperate to avoid federal court," amended their complaint to effectively eliminate the federal claim from their lawsuit. *Id*. (internal quotation omitted). The trial court then granted plaintiffs' motion to remand but ordered plaintiffs to pay the defendants' attorney fees incurred in opposing plaintiffs' remand

motion because of plaintiffs' "manipulative pleading practices."  *Id*. (internal quotations omitted).  Plaintiffs appealed the fee award.

Although the Ninth Circuit analyzed the attorney fee question under 28 U.S.C. §1447(c), the appellate court's reasoning informs this court's determination of Defendant's fee request here particularly because there, as here, the fee request arose in the context of a remand motion.  The Ninth Circuit held in part that

> it would be an abuse of discretion under any reading of the statute to penalize plaintiffs who, knowing that a state court forum is more important to them than their federal claims, nevertheless plead both state and federal claims in state court, with the intent to dismiss federal claims later to avoid federal court if the defendant removes.

*Baddie v. Berkeley Farms, Inc.*, 64 F.3d at 490 (footnote omitted).  The court then explained its holding:

> The district court reasoned that plaintiffs had been "manipulative" because: "If plaintiffs wished to avoid federal court, they should have dropped their federal claims before ever filing a complaint."  We disagree.  Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court.  The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum.  If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum.  Plaintiffs in this case chose the state forum.  They dismissed their federal claims and moved for remand with all due speed after removal.  There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

*Id*. at 491.

As did the plaintiffs in *Baddie*, here Plaintiff made a legitimate tactical decision to drop the federal claims from the complaint to avoid litigating in a federal forum.  As did the plaintiffs in *Baddie*, Plaintiff here promptly moved for remand to state court.  As the Ninth Circuit concluded

in *Baddie*, this court concludes here on the record before it that there is nothing manipulative or inappropriate in Plaintiff's decision-making on these tactical decisions. Therefore, Defendant's request for attorney fees as a condition of granting Plaintiff's motion to amend should be denied.

3. Remand

In the absence of the federal claims, this court lacks subject matter jurisdiction over the state claims remaining in Plaintiff's complaint. Plaintiff requests, and Defendant does not oppose, remanding the state claims to state court. As noted above, this action has been in this court for less than two months, the parties have been able to continue with discovery, and prejudice will not result to either party if the case is remanded. Accordingly, this court finds that remand is appropriate. Once Plaintiff files his amended complaint eliminating his federal claims, Plaintiff's motion to remand should be granted.

*Conclusion*

Plaintiff's motion (#5) to dismiss his federal claims should be considered a motion to amend his complaint under Rule 15(a) and GRANTED. Defendant's request for attorney fees should be DENIED. Upon the filing of the amended complaint, Plaintiff's motion (#7) to remand this action to state court should be GRANTED.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than **April 14, 2008**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when

the response is due or filed, whichever date is earlier.

DATED this 28th day of March, 2008.

       /s/ John V. Acosta
    JOHN V. ACOSTA
    United States Magistrate Judge